**Sukhdev SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70229.

Agency No. A76–860–360.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, William Campbell Erb, Jr., Mark C. Walters, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Sukhdev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of an immigration judge's denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

■ Substantial evidence supports the BIA's adverse credibility finding because the inconsistencies in Singh's testimony go

** This disposition is not appropriate for publication and may not be cited to or by the

to the heart of his claim. *See id.* at 1043. Among several inconsistencies, in his asylum application Singh stated that he was beaten by the police during his June 1990 arrest, whereas at his asylum hearing he testified that he was not beaten during the arrest. Singh's testimony also contained internal inconsistencies about the reason for his 1997 arrest.

In the absence of credible testimony, Singh failed to establish eligibility for asylum or withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254–55 (9th Cir.2003).

■ Further, Singh is not entitled to relief under the CAT because he did not demonstrate that it is "more likely than not" he would be tortured if returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.